IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas Ryan Lee, ) | Civil Action No.: 0:14-292-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] Plaintiff Thomas Ryan Lee brought this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). In her R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits on April 20, 2011, alleging that he was disabled beginning March 26, 2011. The application was denied initially, and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ") on October 31, 2011. That hearing was held on January 25, 2013, and Plaintiff, represented by attorney Joel Humphries, appeared and testified. A vocational expert also testified. The ALJ issued a decision dated March 22, 2013, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant has not engaged in substantial gainful activity since March 26, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

. . .

3. The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).

. . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except for work requiring lifting or carrying more than 50 pounds; lifting or carrying of 26 to 50 pounds more than occasionally; lifting or carrying of 25 pounds or less more than frequently; standing and/or walking in combination for a total of more than 6 hours in an 8 hour workday; sitting for more than 6 hours in an 8 hour workday; more than occasional stooping or climbing ladders, ropes, or scaffolds; or more than frequent balancing, kneeling, crouching, crawling, or climbing ramps and ladders.
. . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

. . .

7. The claimant was . . . 57 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational

>Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>. . .
>
>10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
>. . .
>
>11.   The claimant has not been under a disability, as defined in the Social Security Act, from March 26, 2011, through the date of this decision (20 CFR 404.1520(g)).

Tr. 51-60.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On February 3, 2014, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 8, 9, 10, and the Magistrate Judge issued her Report and Recommendation ("R&R") on February 13, 2015, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 12. Plaintiff filed timely objections to the R&R on February 23, 2015, Pl.'s Objs., ECF No. 13, and the Commissioner replied on March 5, 2015, Def.'s Reply, ECF No. 14.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence"

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58; *Thomas*, 331 F.2d at 543.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review

4

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1)

5

"residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends affirming the decision of the Commissioner. Specifically, the Magistrate Judge concludes (1) that the ALJ properly discounted Plaintiff's treating physician's opinion, and (2) that the ALJ did not err in assessing Plaintiff's credibility. In his objections, Plaintiff argues that the Magistrate Judge erred in finding (1) that the ALJ properly discounted the opinion of Plaintiff's treating physician, and (2) that the ALJ's assessment of Plaintiff's credibility was without error.

**I.     The Opinions of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ's discounting of the Plaintiff's physician's opinions as having "negligible weight" was reversible error. He claims that Dr. Behling's opinions were supported by medical evidence, that the specialist opinions with which the ALJ found Dr. Behling's

opinions inconsistent were not themselves appropriate, and that Dr. Behling's opinions about Plaintiff's ability to work were not inconsistent with evidence about Plaintiff's activities of daily living.  Finally, Plaintiff argues that even if Dr. Behling's opinions should not be given "controlling weight," they should be given great deference under all the factors provided in 20 CFR 404.1527 and 416.927, factors Plaintiff argues the ALJ failed to adequately consider.  In response, the Commissioner argues that Plaintiff's arguments are a repeat of arguments he made in his original brief, and relies upon the Commissioner's Memorandum in Support of the Commissioner's Decision, ECF No. 9, at 13-17, in which he argued that substantial evidence supported the ALJ's assessment of Dr. Behling's opinions.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).  Under such circumstances, "the [Commissioner] holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

If the Commissioner determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following non-exclusive list of factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the

7

physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)(i)-(ii); § 404.1527(c)(3)-(6); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005).  The Commissioner must give specific reasons, supported by the record, for the weight given to a treating physician's medical opinion. SSR 96-2p.

The Court finds the ALJ's decision to give Dr. Behling's medical opinions contained in a September, 2011 Multiple Impairment Questionnaire "negligible weight" is supported by substantial evidence, and without legal error.[2]  The ALJ met the factors to give Dr. Behling's opinion "negligible weight."  The ALJ noted that Dr. Behling was a family practitioner, who had been providing Plaintiff's general medical treatment "since at least June 2010."  Tr. 53.  The ALJ noted several medical tests performed by, or at the direction of, Dr. Behling, which largely showed mild/ "unremarkable" findings.  *Id.*  The ALJ then found that Dr. Behling's September, 2011 opinion, to which she gave "negligible weight," showed a level of impairment inconsistent with Dr. Behling's own progress notes, as well as with the opinions of a specialist in neurosurgery and spine care who consulted on Plaintiff's case, and with the opinions of the state agency reviewers.  Tr. 56-57.  The ALJ further found that Dr. Behling's opinions relied heavily upon Plaintiff's self-reported symptoms, which were themselves inconsistent with Plaintiff's daily activities, and thus not credible.  Tr. 57-58.  Plaintiff's arguments that (1) Dr. Behling's opinions were supported by medical evidence, (2) state agency reviewers were not appropriately qualified, and (3) Plaintiff could be disabled while still engaging in activities of daily living do not contradict the substantial

---

[2] The ALJ also noted an opinion from Dr. Behling contained in a November, 2011 letter that Plaintiff was disabled, and gave this opinion "negligible weight."  Tr. 57 (citing Tr. 508).  However, as noted by the Magistrate Judge, Plaintiff did not appear to challenge the weighting of this opinion, and even if he had, the same analysis would apply as in regards to the September, 2011 evaluation.  R&R, ECF No. 12, at 8 n.3.  In addition, the "issue of whether a claimant is disabled or unable to work is reserved to the Commissioner and opinions by medical sources on that point are not entitled to special significance."  *Id*. (citing 20 C.F.R. § 404.1527(d)).

8

evidence the ALJ found to be inconsistent with Dr. Behling's opinions. Accordingly, the Court finds the Magistrate Judge's recommendation to be proper.

## II.     The Assessment of Plaintiff's Credibility

The Magistrate Judge recommends finding that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence, and without legal error. In his objections, Plaintiff contends that the Magistrate Judge gave too much weight to Plaintiff's errors in testimony about his training/education, and failed to recognize that Plaintiff could be disabled for employment purposes while still able to engage in activities of daily living. Plaintiff further argues that the Magistrate Judge did not note that, contrary to the ALJ's conclusion that Plaintiff could have received free treatment at the VA Medical Center, any treatment he could have received at the VA Medical Center would not have been free, a point Plaintiff raised in his letter to the Appeals Court. Finally, Plaintiff argues that the Magistrate Judge relied too heavily on selected objective medical evidence, and that the Judge failed to account for Plaintiff's long work history in judging his credibility.

Under 20 C.F.R. § 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted). Once the ALJ concludes that this threshold requirement has been met, the ALJ must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects her ability to work."[3] *Id.* at 595.

---

[3] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms

9

"[T]his evaluation must take into account not only [Plaintiff's] statements about her pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The ALJ may not disregard or discredit Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once Plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

However,

> [t]his is not to say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . .

*Craig*, 76 F.3d at 595. Finally, the ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently

---

(such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The Court finds no error in the Magistrate Judge's review of the ALJ's assessment of Plaintiff's credibility. In evaluating subjective complaints of disability, the ALJ must take into account a number of factors, including "daily activities," and "treatment". CFR § 404.1529(c)(3). Thus, the ALJ had to, and did, take into account Plaintiff's daily activities and medical treatments in evaluating his subjective complaints, Tr. 52-58, and could, under *Craig,* use inconsistencies between objective treatment and activities and subjective pain in assessing Plaintiff's credibility. Here, the ALJ found the claimant "not credible" when the "alleged severity of the claimant's subjective complaints" was evaluated under *Craig*, 20 CFR § 404.1529, 20 CFR § 416.929, and SSR 96-7p. Tr. 58. Plaintiff argues that the ALJ did not take into account the cost of treatment at the VA in concluding that Plaintiff could have accessed treatment at the VA, and thus improperly assessed Plaintiff's credibility on this point.[4] At the hearing, however, Plaintiff testified that no doctors other than Dr. Behling would see him due to costs. Tr. 102. The ALJ also noted that the Plaintiff had previously received treatment at the VA Medical Center, which could tend to undercut Plaintiff's credibility in regard to the availability of other doctors who would treat him. Tr. 52. Even assuming that the ALJ's finding regarding the VA was in error, the ALJ gives other reasons for the credibility finding. For example, the ALJ found that the claimant's activities of daily living

---

[4] Plaintiff also appears to suggest that the case should be remanded for further findings regarding the plaintiff's letter, as the Appeals Council did not give reasons for summarily denying review. In *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), the Fourth Circuit held that it is not necessary for the Appeals Council to state reasons for its decision not to review the ALJ decision. When the Appeals Council receives additional evidence and denies review, the issue for the reviewing court becomes whether the ALJ decision is supported by substantial evidence or whether a remand is necessary for the ALJ to consider the new evidence. In *Meyer*, the plaintiff's treating physicians had a policy not to provide opinion evidence for Social Security proceedings. Therefore, the ALJ was not provided with any opinions by treating physicians. After the issuance of the ALJ decision, the claimant was able to obtain an opinion letter from his treating physician, and the Appeals Council made the letter a part of the record but found that it did not provide a basis for changing the ALJ decision. The Fourth Circuit remanded the case for further fact-finding because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Id at 707. In the case at bar, substantial evidence supports the ALJ's credibility decision. Therefore, it is not necessary to remand for further factual findings.

did not support his subjective complaints and further that the objective medical evidence did not support the alleged severity of the plaintiff's symptoms.

Plaintiff is correct that a strong work history has been held to enhance a Plaintiff's credibility in a disability claim. Where a claimant has worked steadily for a number of years and "[t]here is no evidence of malingering," his credibility is enhanced. *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir. 1985 (dictum); *See also O'Donnell v. Barnhart*, 318 F.3d 811, 817 (8th Cir. 2003); *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Vitek v. Finch*, 438 F.2d 1157, 1159-60 (4th Cir. 1971); *Nanny v. Matthews*, 423 F.Supp. 548, 551 (E.D.Va. 1976). Here, however, Plaintiff's long work history was outweighed by the substantial medical evidence, and evidence about Plaintiff's activities of daily living, which showed Plaintiff was not disabled. Tr. 52-58. Even if, as Plaintiff claims, the ALJ focused on an error in regard to his schooling, an ALJ is required to make credibility determinations, *Hatcher v. Sec'y of Health & Human Svcs.*, 898 F.2d 21, 23 (4th Cir. 1989), and the ALJ's findings here regarding Plaintiff's credibility are supported by substantial evidence about Plaintiff's activities of daily living and treatments, and the inconsistency between these and the plaintiff's self-reported disability. Therefore, the Court finds no reversible error in the ALJ's assessment of Plaintiff's credibility, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Commissioner's Response, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby

overrules Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

    **IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 30, 2015
Florence, South Carolina

13